```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MICHAEL PATTERSON,            )
          Plaintiff           )
                              )
     vs.                      ) Civil Action No. 05-924
                              ) Judge David Stewart Cercone/
THOMAS JACKSON; MAJOR BURNS;  ) Magistrate Judge Amy Reynolds Hay
DAVE DAY; LOUIS FILINO,       )
          Defendants          )
```

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute.

II. Report

The plaintiff, Michael Patterson, is a prisoner at SCI Greene who has presented a civil rights complaint against the above-noted defendants on charges that they are denying plaintiff medical care and otherwise are generally harassing and retaliating against him.

On July 19, 2005, this Court issued an order directing plaintiff to provide to the Court the required certified copy of his institutional trust fund account by August 2, 2005. Thereafter, plaintiff requested additional time to provide said accounting statement and this Court granted plaintiff until October 14, 2005, to submit the statement.  When plaintiff failed

to submit the statement this Court issued an Order (October 31, 2005) to show cause, returnable by November 14, 2005, why the case should not be dismissed upon plaintiff's failure to prosecute.  To date, plaintiff has failed to submit his accounting statement and has failed to respond to the show cause order.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1) The extent of the party's personal responsibility.
>
> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders, which weighs heavily against him.  Plaintiff's failure to respond to the Orders was not only solely his personal responsibility but his failure to do so even several months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- inasmuch as the complaint has not been served, there appears to be no specific prejudice to defendants other than general delay.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff has moved to proceed in forma pauperis, it does not appear that monetary sanctions are appropriate.  However, because he has failed to respond to the Court's Orders, it appears that the plaintiff has no serious interest in pursuing this case.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

3

      Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    /s/    Amy Reynolds Hay  
                                  AMY REYNOLDS HAY  
                                  United States Magistrate Judge

Dated:   3 January, 2006

cc:   Michael Patterson  
     EP-2429  
     SCI Greene  
     175 Progress Drive  
     Waynesburg, PA 15370